IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLAVIN JONES, ) | |
| #1434379, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:21-CV-0731-K (BH) |
| ) | |
| LABLAC, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Application to Proceed In Forma Pauperis*, received on May 4, 2021 (doc. 6). Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to follow an order of the court.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 that was received on March 30, 2021. (*See* doc. 3.) His application to proceed in forma pauperis (IFP) and a certificate of trust fund account statement (CTA) for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a), were received on May 4, 2021. (*See* doc. 6.) The CTA showed a balance of $486.52 as of the date of its preparation, an average monthly balance of $627.91, and average monthly deposits of $220.00. The first page of the form petition he submitted expressly gave him notice that he must pay the filing fee if he has access, or has had access, to enough funds.

Based on this information, the Court issued an order on May 6, 2021, finding that the petitioner should be denied leave to proceed *in forma pauperis* (IFP), but giving him thirty days to pay the required $5.00 filing fee. (doc. 7.) The order warned that failure to pay the fee could result

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

in a formal recommendation that IFP status be denied and that his case be dismissed. (*Id.*) More than thirty days passed, but the petitioner did not pay the filing fee or otherwise respond to the order. A second order issued on July 6, 2021, again giving him thirty days to pay the required $5.00 filing fee and warning that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (doc. 8.) More than thirty days passed since the date of the second order, but the petitioner has not paid the filing fee or otherwise responded, and he has not filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner's CTA showed a balance of $486.52 as of the date of its preparation, an average monthly balance of $627.91, and average monthly deposits of $220.00. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was twice given 30 days to pay the filing fee, and he was specifically warned each time that failure to do so could result in dismissal of this action. He still has not paid the fee or otherwise responded to the orders to pay the fee. Because he failed to comply with the orders that he pay the $5 filing fee, and has not otherwise responded or filed anything else, this case should be dismissed for failure to prosecute or follow an order of the court.

### IV. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 20th day of September, 2021.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE